**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 98-7435**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FERNANDO HOLGUIN,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Senior District Judge. (CR-90-221-B, CA-97-1296-B)

─────────────

Submitted: November 19, 1998          Decided: December 3, 1998

─────────────

Before HAMILTON and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Fernando Holguin, Appellant Pro Se. Lynne Ann Battaglia, United States Attorney, Baltimore, Maryland; John Vincent Geise, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Fernando Holguin filed an untimely notice of appeal. We dismiss for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have sixty days, if the United States is a party, within which to file in the district court notices of appeal from judgments or final orders. See Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court's order denying Holguin's motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) was filed on July 16, 1998, and entered on the docket the next day. See Fed. R. Civ. P. 58, 79(a); Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986). Holguin's notice of appeal was filed on September 19, 1998,[*] which is beyond the sixty-day appeal period. See Fed. R. App.

---

[*] Following Houston v. Lack, 487 U.S. 266 (1988), Holguin gave his notice of appeal to prison officials for mailing on September 19, 1998. Even construing Houston liberally, however, documents filed with Holguin's notice of appeal make it clear that he could not have submitted his notice of appeal to prison officials for mailing before September 17, 1998, still beyond the sixty-day appeal period.

4(a)(1). Holguin's failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of his appeal. We therefore deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED